NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1879
_____

UNITED STATES OF AMERICA

v.

ALBERT CLEMONS,
           Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:16-cr-00076-002)
District Judge: Honorable Nora Barry Fischer
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 21, 2025

Before: HARDIMAN, McKEE, and AMBRO, *Circuit Judges*

(Filed: January 27, 2025)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Albert Clemons appeals the District Court's judgment. Counsel for Clemons has filed a brief and moved for permission to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). We will grant counsel's motion to withdraw and affirm the judgment.

I

In April 2016, Clemons was indicted in federal court for committing bank robbery, armed bank robbery, and firearms offenses in March 2016. Citing Clemons's three prior Pennsylvania robbery convictions dating back to 1983, Count Five of the indictment charged Clemons as a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). ACCA mandates a minimum sentence of fifteen years if the defendant has three prior "violent felony" convictions "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Clemons pleaded guilty to each count against him without any plea agreement.

At sentencing, the District Court found that Clemons was a career offender under the United States Sentencing Guidelines with an advisory Guidelines range of 294 to 346 months' imprisonment. The Court granted Clemons a substantial downward variance, sentencing him to 180 months' imprisonment and five years' supervised release. He timely appealed.

Clemons's counsel has submitted an *Anders* brief, stating he found no nonfrivolous grounds for appeal. The Court notified Clemons that he could file a *pro se* brief in support of his appeal, but he did not do so.

2

## II

*Anders* requires us to determine whether defendant's counsel "thoroughly examined the record in search of appealable issues" and "explain[ed] why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). If so, we must confirm that nothing in the record "might arguably support the appeal." *Anders*, 386 U.S. at 744. If no nonfrivolous issues exist, we will grant counsel's *Anders* motion and dispose of the appeal. 3d Cir. L.A.R. 109.2(a) (2011).

## III

The *Anders* brief in this case recognizes three potential issues based on Clemons's open guilty pleas: (1) the District Court's jurisdiction, (2) the validity of the pleas, and (3) the reasonableness and legality of the sentence. *See United States v. Broce*, 488 U.S. 563, 569 (1989).

The District Court had jurisdiction under 18 U.S.C. § 3231[1] as Clemons was charged with violating 18 U.S.C. § 2113(a) and (d), § 924(c)(A)(i) and (ii), § 922(g)(1), and § 924(e)—all federal offenses.

Clemons's guilty pleas were valid. He entered knowing and voluntary pleas after a comprehensive colloquy with the Court. The sentencing judge confirmed Clemons's competence, advised him of his constitutional rights and the potential consequences of waiving those rights, and ensured there was a factual basis for the plea. The Court also confirmed that Clemons understood the charges, the penalties he faced, and the rights he

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

was waiving. The Court satisfied Rule 11 of the Federal Rules of Criminal Procedure and the Constitution. Thus, there is no nonfrivolous basis to challenge his guilty pleas.

Clemons's sentence was procedurally and substantively reasonable and lawfully imposed. The District Court complied with the process outlined in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006), and met the requirements of Rule 32 of the Federal Rules of Criminal Procedure. Clemons received and reviewed the Presentence Investigation Report and addenda. And the Court resolved Clemons's objection to application of the ACCA in his favor, after addressing his objections.

The Court then calculated Clemons's advisory Guidelines range as 294 to 346 months' imprisonment based on his status as a career offender and provided counsel and Clemons the opportunity to address the Court. In imposing a substantial downward variance and sentencing Clemons to 180 months' imprisonment, the District Court thoughtfully considered the sentencing factors in 18 U.S.C. § 3553(a). The Court recognized the seriousness of the offenses and acknowledged Clemons's age (over 70), harsh conditions he suffered in detention during the pandemic, his efforts in detention to improve himself, and his remorse.

Although Clemons objected to his status as a career offender under the Guidelines, by the time counsel filed the *Anders* brief, this Court had issued its decision in *United States v. Henderson*, 80 F.4th 207 (3d Cir. 2023). That decision held that 18 Pa. Cons. Stat. § 3701(a)(1)(ii)—the same Pennsylvania robbery statute under which Clemons was thrice convicted—is a "crime of violence" as defined by USSG § 4B1.2(a) for the career offender guideline. *See United States v. Henderson*, 80 F.4th at 209. Clemons's challenge

4

to his career offender status is no longer arguable on the merits, and there are no nonfrivolous issues regarding his sentence.

*     *     *

Counsel's *Anders* brief is adequate and there are no nonfrivolous issues for appeal. We will grant counsel's motion to withdraw and affirm the District Court's judgment.